NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted June 17, 2014[*]

Decided June 23, 2014

Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 14-1735 | Appeal from the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division. |
| IN THE MATTER OF: | |
| CASTLETON PLAZA, LP, *Debtor-Appellant.* | |
| | No. 11-01444-BHL-11 |
| | Basil H. Lorch III, *Judge.* |

**Order**

Our first decision in this case held that "[a]n impaired lender who objects to *any* plan that leaves insiders holding equity is entitled to the benefit of competition." *In re Castleton Plaza, LP*, 707 F.3d 821, 824 (7th Cir. 2013). We remanded with the expectation

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

that Castleton Plaza (the debtor) would propose a plan that either eliminated the insiders' equity interest or allowed competition.

Castleton proposed new plans, but all of them retained an equity stake for insiders and omitted any opportunity for competition. The bankruptcy judge disallowed all of these plans, ruling that they failed to comply with this court's mandate. Given one final opportunity to propose a plan that either removed the insiders' interest or allowed competition, Castleton refused. The bankruptcy court dismissed the proceeding, and the debtor has appealed.

It contends that competition is unnecessary because EL-SNPR, the secured lender, will be paid in full and is not "impaired". The problem with that argument was noted in our first opinion. All of Castleton's proposed plans materially change the terms of the loan, deferring payment for as long as 30 years (so that if the real estate market declines during that time the lender will not be paid), reduce the rate of interest, and eliminate several security features of the transaction. That is not a promise of full repayment. EL-SNPR is impaired under the proposed plans.

The bankruptcy court properly implemented this court's decision. The bankruptcy is over, and the lender can foreclose in the ordinary course. If, as debtor maintains, the collateral is worth more than the loan, then it can find another source of capital and outbid EL-SNPR at the auction.

AFFIRMED